UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (NEW HAVEN)

_____

**RALPH C. NECLERIO, JR.,**                    CASE NO. 3:11-cv-01317-VLB
       Plaintiff,

vs.

**TRANS UNION, L.L.C.;**
       Defendant.                                           [March 26, 2012]
_____

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES**
_____

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

1.  The Plaintiff to this suit is Mr. Ralph C. Neclerio, Jr. who resides and is a citizen of the State of Connecticut.

<u>ANSWER</u>:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

2.  Ralph Neclerio is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA") at §1681a(c).

<u>ANSWER</u>:  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3. The Defendants [sic] to this action is Trans Union, L.L.C. ("Trans Union") is [sic] a consumer reporting agency as contemplated by the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.

ANSWER: Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union denies the remaining allegations of this paragraph.

4. Trans Union sells consumer reports in the State of Connecticut, gathers information concerning citizens of the State of Connecticut, and acquires consumer credit data originating in the state of Connecticut. Consequently, Trans Union maintains relationships to conduct systematic business operations in the state of Connecticut.

ANSWER: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5. The transactions and occurrences that underlie this suit occurred in Connecticut.

ANSWER: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6. This Court is the proper venue for this case.

ANSWER: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**Background and Prior Litigation**

7. This case arises as a result of the continued refusal of Trans Union to resolve the persistent appearance of credit data concerning Mr. Neclerio's father - also named Ralph Neclerio - on Mr. Neclerio's consumer reports.

**ANSWER**:  Trans Union denies the allegations contained in this paragraph.

8. The credit reporting industry recognizes this phenomenon - the continued mixing of data attributable to two different people on the reports of either person - as a common problem known as "mis-merged" files or "mixed" files.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9. "Mis-merged" or "mixed" files arise as a result of flaws in the algorithms used by consumer reporting agencies to match credit data with individuals who already exist within that consumer reporting agency's database of consumers.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10. Trans Union itself defended and ultimately resolved an enforcement action brought by the Texas attorney general concerning the "mixed" or "mis-merged" file problem.

**ANSWER**:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11. As a result of that law suit (ND IL Case No [sic] 92-C-7101) Trans Union agreed to a consent order (Exhibit A).

**ANSWER**:  Trans Union denies that Plaintiff attached any documents to the Complaint.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

12. In that consent order, Trans Union agreed to "1. Implement or continue to utilize and maintain reasonable procedures to avoid the occurrence or reoccurrence of Mixed Files."

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13. Trans Union itself has been sued by consumers and suffered judgments as a result of mixing consumer files.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14. Trans Union itself has been sued by consumers and paid significant sums in settlement of claims involving mixed consumer files.

<u>ANSWER</u>:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15. The Federal Trade Commission has documented this problem in its December 2004 report to Congress under the 2003 amendments to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. commonly known as the Fair and Accurate Credit Transactions Act of 2003 ("FACTA").

<u>ANSWER</u>:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16. In spite [sic] this documented history of problems with mixed files, Trans Union continues to experience numerous disputes concerning "mixed" files or "mis-merged" files.

<u>ANSWER</u>:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17. Against this backdrop, Mr. Neclerio brings this case as part of the most recent episode in a 20-year battle with Trans Union to remove false credit data attributable to his father from his Trans Union consumer report.

<u>ANSWER</u>:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18. In the mid 1980's Mr. Neclerio became aware that the credit file maintained by Trans Union concerning Mr. Neclerio also contained information concerning his father (also named Ralph Neclerio).

ANSWER:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19. Mr. Neclerio repeatedly disputed that information as he became aware of it and notified Trans Union - sometimes through its affiliate the Credit Bureau of Connecticut, Inc. - that it had put information attributable to his father on Mr. Neclerio's consumer reports.

ANSWER:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

20. Mr. Neclerio asked that Trans Union and its affiliates they [sic] remove information belonging to his father from his consumer report.

ANSWER:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21. Trans Union and its affiliates removed the information, only to include information concerning Mr. Neclerio's father in later reports.

ANSWER:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22. Throughout the ensuing 20 years, Mr. Neclerio has suffered the repeated reappearance of information concerning his father on his consumer reports when he sought credit or employment.

ANSWER: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23. Mr. Neclerio has brought two prior actions concerning this problem.

ANSWER: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24. Mr. Neclerio brought the first of those actions in March of 1999 against Trans Union's affiliate The Credit Bureau of Connecticut, Inc. in New Haven Superior Court, Case No CV 98-0416672.

ANSWER: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25. Mr. Neclerio brought the second case in this Court in 2002, Case No. 302 -CV- 2098.

ANSWER: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26. Following the resolution of that law suit, and in spite of repeated requests to Trans Union and its affiliates to cease including information

concerning his father on reports that Trans Union assembled, Trans Union subsequently failed to keep Mr. Neclerio's consumer report free of derogatory information concerning his father.

**ANSWER**:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27.   Within the preceding two years, Trans Union has assembled consumer reports concerning Mr. Neclerio that also contain derogatory data concerning Mr. Neclerio's father.

**ANSWER**:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28.   Most recently, when Mr. Neclerio's attorney disputed information concerning Mr. Neclerio's father with Trans Union in January 2010, Trans Union responded that"[sic]... we have researched the activity surrounding your claim; however we have found no evidence that any of the information contained in your client's credit report (derogatory or otherwise) does not belong to your client."

**ANSWER**:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

29.   Consequently, Trans Union refused to correct the false information.

**ANSWER**:  Trans Union denies the allegations contained in this paragraph.

30. Mr. Neclerio has suffered damages as a result of this continued reappearance of information concerning his father on his own consumer report.

ANSWER: Trans Union denies the allegations contained in this paragraph.

31. Trans Union's merging and matching algorithms have caused his file to be "mixed" with that of his father.

ANSWER: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

32. Mr. Neclerio's difficulties in resolving problems with the mixing of his file have been compounded by Trans Union's refusal to make full and complete disclosure of the information which it draws upon to assemble reports relating to Mr. Neclerio.

ANSWER: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

33. Specifically, when Trans Union assembles consumer reports for its subscribers, it allows these subscribers to use only a partial list of personal identifiers to match data to the target consumer resulting in the inclusion of a broad range of data in the report, which may sometimes include data attributable to persons other than the target consumer.

ANSWER: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

34. However, when consumers like Mr. Neclerio request copies of their consumer files, Trans Union requires a complete match of all personal identifiers, resulting in a narrower match of data to the target consumer.

ANSWER: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

35. Consequently, Trans Union's own procedures for disclosing information to consumers tends to mask or conceal problems with mixed files.

ANSWER: Trans Union denies the allegations contained in this paragraph.

36. By concealing this information from consumers, Trans Union has impeded the ability of consumers like Mr. Neclerio to effectively dispute and correct errors in their consumer reports.

ANSWER: Trans Union denies the allegations contained in this paragraph.

37. Trans Union has failed to follow reasonable procedure to insure the maximum possible accuracy of Mr. Neclerio's consumer report, in the face of repeated notice of problems with the content of the report.

ANSWER: Trans Union denies the allegations contained in this paragraph.

38. Trans Union's actions in refusing to correct Mr. Neclerio's consumer report were willful.

ANSWER: Trans Union denies the allegations contained in this paragraph.

**Factual Allegations Relative to The Trans Union Credit Report**

39.     Mr. Neclerio disputed that [sic] the inaccurate information with Trans Union and requested that Trans Union reinvestigate and correct the information as envisioned by 15 U.S.C. § 1681i.

ANSWER:  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

40.     Mr. Neclerio's request included sufficient information or documentation to provide actual notice that the credit information was inaccurate and the source of disputed information was not reliable.

ANSWER:  Trans Union denies the allegations contained in this paragraph.

41.     Trans Union responded to this dispute from Mr. Neclerio by requesting verification of the credit information by the entities which had furnished the information to Trans Union; alternatively Trans Union failed to notify the entities which had furnished the disputed information to Trans Union.

ANSWER:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

42.     Trans Union failed to transmit all relevant information to the entities which had furnished the disputed information to Trans Union.

ANSWER:  Trans Union denies the allegations contained in this paragraph.

43.     Trans Union maintained the inaccurate credit information in Mr. Neclerio's consumer file as a result of the verification from the source of the

disputed information and Trans Union's own failure to conduct a proper reinvestigation of the disputed information.

**ANSWER**:  Trans Union denies the allegations contained in this paragraph.

44.  Trans Union has failed to follow reason [sic] procedures to assure the maximum possible accuracy of Mr. Neclerio's consumer report.

**ANSWER**:  Trans Union denies the allegations contained in this paragraph.

45.  Upon information and belief Trans Union has failed to disclose the complete contents of his consumer file to him.

**ANSWER**:  Trans Union denies the allegations contained in this paragraph.

46.  Mr. Neclerio has suffered damages as a result these actions by Trans Union.

**ANSWER**:  Trans Union denies the allegations contained in this paragraph.

### Count I - FCRA. 15 U.S.C. S 1681 et seq. (Trans Union)

47.  Mr. Neclerio incorporates the preceding allegations by reference.

**ANSWER**:   Trans Union reasserts its answers and responses set forth herein.

48.  Trans Union has negligently violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681o; alternatively Trans Union has willfully violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681n.

**ANSWER**:  Trans Union denies the allegations contained in this paragraph.

49.  Trans Union has negligently violated 15 U.S.C. § 1681g and 15 U.S.C. § 1681o; alternatively Trans Union has willfully violated 15 U.S.C. § 1681g and 15 U.S.C. § 1681n.

**ANSWER**:  Trans Union denies the allegations contained in this paragraph.

50. Trans Union has negligently violated the FCRA, 15 U.S.C. §§ 1681 and 1681o; alternatively Trans Union has willfully violated the FCRA, 15 U.S.C. §§ 1681i and 1681n.

**ANSWER**:  Trans Union denies the allegations contained in this paragraph.

51. Mr. Neclerio has suffered damages as a result of this violation of the FCRA [sic]

**ANSWER**:  Trans Union denies the allegations contained in this paragraph.

**Jury Demand**

52. Mr. Neclerio demands trial by jury.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

### Request For Relief

ACCORDINGLY Mr. Neclerio requests that the Court Grant any or all of the following relief:

    A. Actual damages.

    B. Statutory damages in an amount to be determined at trial.

    C. Punitive damages in an amount to be determined at trial.

    D. Costs and attorney fees provided by statute.

    E. Any other relief the Court deems just.

**ANSWER**:  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, <u>et</u> <u>seq</u>.

3. Trans Union's reports concerning Plaintiff were true or substantially true.

4. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

**11.    Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.**

**12.    Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.**

**13.    Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.**

**14.    Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.**

**WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.**

        **Respectfully submitted,**

*/s/ Robert J. Schuckit*
**Robert J. Schuckit, Esq.  (07731)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  rschuckit@schuckitlaw.com**

*Counsel for Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 26th day of March, 2012.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| Anthony S. Bonadies, Esq. anthony@bonadieslaw.com | Ian Lyngklip, Esq. ianlyngklip@att.net |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the 26th day of March, 2012, properly addressed as follows:

| None | |

*/s/ Robert J. Schuckit*
**Robert J. Schuckit, Esq.  (07731)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  rschuckit@schuckitlaw.com**

*Counsel for Trans Union, LLC*