UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (NEW HAVEN)

_____

**RALPH C. NECLERIO, JR.,**                           **CASE NO. 3:11-cv-01317-VLB**
       **Plaintiff,**

vs.

**TRANS UNION, L.L.C.;**
       **Defendant.**                                      **May 7, 2012**

_____

**TRANS UNION, LLC'S MEMORANDUM IN SUPPORT OF
ITS MOTION FOR PROTECTIVE ORDER**
_____

**Defendant Trans Union, LLC ("Trans Union"), by counsel, respectfully submits this Memorandum in support of its Motion For Protective Order (the "Motion").**

The Motion in this Fair Credit Reporting Act ("FCRA") case should be granted because:

1. Plaintiff's 91 (including subparts) Requests For Production (the "Requests") improperly seek discovery beyond the express limitations of Rule 26 and should therefore be struck in their entirety where at least thirty (30) Requests seek information that is not relevant to Plaintiff's limited claims, including at least fourteen (14) Requests which seek information outside of the relevant timeframe.

2. Plaintiff's 91 Requests (including subparts) are improperly designed to cause Trans Union annoyance, oppression and undue burden and expense, rather than seek discovery related to Plaintiff's limited claims where 28 Requests are unduly burdensome in that the breadth of the requests are unwarranted given Plaintiff's limited claim, at least 30 Requests unnecessarily seek discovery of highly propriety, confidential and privileged information, 13 Requests seek

documents that do not exist and six Requests are duplicative of one another; entitling Trans Union to a Protective Order.

## I.  STATEMENT OF FACTS

Plaintiff filed his Complaint on August 17, 2011 [Doc. No. 1].  Plaintiff's Complaint contains one claim against Trans Union alleging a violation of the Fair Credit Reporting Act ("FCRA").  See Complaint & Jury Demand ¶s 47-51. In response to Trans Union's Motion to Dismiss, Plaintiff clarified that his claim against Trans Union concerned the appearance of purportedly erroneous information belonging to his Father appearing on Plaintiff's credit file on September 1, 2009. See Brief In Support of Plaintiff's Response to Trans Union's Motion to Dismiss And For More Definite Statement [Doc. No. 18].

On or about March 8, 2012, Plaintiff served his First Request For Production to Trans Union, L.L.C.  See Plaintiff's First Request For Production to Trans Union, L.L.C. attached hereto as Exhibit A.  Plaintiff's 56 Requests, including at least 35 subparts, improperly seek documents that: (1) do not exist; (2) are irrelevant, to the subject matter of Plaintiff's claims; (3) contain confidential business information; (4) information protected by the attorney client privilege and/or the attorney work product doctrine; and (5) are publicly available.  Moreover, the Requests are duplicative, unduly burdensome and designed to annoy, harass and oppress Trans Union.

### A. CERTIFICATION OF TRANS UNION'S GOOD FAITH ATTEMPTS TO CONFER AND RESOLVE THIS DISCOVERY DISPUTE WITHOUT COURT INTERVENTION

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 37, Trans Union attempted, in good faith, to resolve this discovery dispute with Plaintiff's counsel to no avail and judicial intervention is necessary. On March 20, 2012, Trans Union sent correspondence to Plaintiff's counsel notifying him of its objections to the Requests and requesting that Plaintiff withdraw his

unreasonable requests and re-submit a reasonable number of requests tailored to Plaintiff's limited claims against Trans Union.  <u>See</u> correspondence from Angela L. Hamm to Ian Lyngklip attached hereto as Exhibit B.  In an e-mail dated March 27, 2012, Plaintiff refused to withdraw the Requests. <u>See</u> e-mail from Ian Lyngklip to Angela Hamm attached hereto as Exhibit C.  Regrettably, Plaintiff's counsel again refused to limit the Requests and further refused Trans Union's good faith offer to provide Plaintiff with its relevant consumer relations documents as a tool for limiting the Requests in accordance with Rule 26 when the parties subsequently conferred by telephone.  On April 5, 2005, Trans Union provided Plaintiff with its relevant consumer relations documents.  Plaintiff still has not offered to limit the Requests in any manner.

II.     **PLAINTIFF'S FIRST REQUEST IMPROPERLY SEEKS DISCOVERY OF INFORMATION THAT IS NOT RELEVANT TO A HIS CLAIM IN VIOLATION OF THE EXPRESS LIMITATIONS OF RULE 26**

Rule 26(b)(1) provides that a party may obtain discovery regarding any matter, not privileged, which is relevant to a party's claim or defense. Plaintiff's First Request seeks discovery of information beyond the express limitations of Rule 26.

The breadth of allowable discovery is determined by the type of claim asserted.  Plaintiff's claims against Trans Union are limited in scope and time to the appearance of allegedly inaccurate information on Plaintiff's Trans Union credit file on September 1, 2009.  However, many of the Requests seek information that is not relevant to Plaintiff's narrow claim against Trans Union. <u>See generally,</u> Request Nos. 2, 6, 7, 8, 9, 11, 14, 15, 16, 17, 22, 23, 26, 27, 28, 29, 30, 31, 33, 40-49, 51, 54.

The Requests needlessly seek confidential, proprietary or commercially sensitive business information (<u>See</u> Request Nos. 7, 26, 31, 38, 43, 47, 49, 50, 53), contracts with third parties (<u>See</u> Request Nos. 8, 9, 11, 17), information regarding Trans Union's litigation history (<u>See</u> Request Nos. 40, 41, 51), its annual litigation

and settlement budget (See Request No. 44), its annual lobbying budget (See Request No. 45), confidential identification and financial information belonging to third parties (See Request Nos. 21, 22, 23) and information outside the relevant time frame (See Request Nos. 2, 3, 6, 20, 21, 22, 30, 37, 40, 41, 42, 43, 46, 48).

While Plaintiff is entitled to discovery relevant to his claims against Trans Union he may not use discovery as a means to discover any wrongdoing beyond the allegations in his Complaint. Tottenham v. Trans World Gaming Corp., No. 00 Civ. 7697, 2002 U. S. Dist. Lexis 11313 at *3 (S.D.N.Y. June 21, 2002). The Requests are not tailored to the single event that forms the basis of Plaintiff's claim, the appearance of alleged inaccuracies in Plaintiff's credit file on September 1, 2009; therefore, the Requests are not calculated to lead to the discovery of information that would have the tendency to make Plaintiff's allegations more probable making them irrelevant.

Trans Union expressed its concerns with the scope of the Requests, provided Plaintiff with Trans Union's relevant consumer relations documents and Plaintiff refused to limit them in any way. Therefore, Trans Union's request for Court intervention in the pretrial discovery process is warranted and the Court should limit the scope of discovery to the actual claims and defenses involved in this action in accordance with Rule 26.

### III. THE REQUESTS ARE IMPROPERLY DESIGNED TO CAUSE ANNOYANCE, EMBARASSMENT, OPPRESSION AND UNDUE BURDEN AND EXPENSE WHICH ENTITLES TRANS UNION TO A PROTECTIVE ORDER

Trans Union is entitled to protection from Plaintiff's Requests because the requests together with their numerous sub parts are excessive and gratuitously seek information unrelated to Plaintiff's claims. This type of discovery abuse and overbreadth was initially addressed in the 1983 amendments to Rule 26. These amendments give the Court the power to limit the discovery sought,

regardless of its relevance, if the Court finds that, "discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations of the parties' resources, and the importance of the issues at stake in the litigation." Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 107 (D.N.J. 1990) citing Fed. R. Civ. P. Advisory Committee Notes.

Moreover, a court may issue protective orders which restrict permissible discovery if it would unduly annoy or burden the other party. Joseph L. v. Connecticut Dept. of Children and Families, 225 F.R.D. 400, 401 (D. Conn. 2005) ("Because the liberality of pretrial discovery has a significant potential for abuse, courts may issue protective orders which restrict permissible discovery if it would unduly annoy or burden the other party.") citing Seattle Times Co. v. Rhinehart, et al., 467 U.S. 20; 104 S.Ct. 2199; 81 L.Ed.2d 17 (1984).

As previously stated, Plaintiff's FCRA claim is limited to the presence of allegedly inaccurate information on his Trans Union credit file on September 1, 2009. However, relatively few of the Requests are relevant in scope or time to the event that was the catalyst for Plaintiff's action and are, therefore, excessive to the point of being abusive.

In addition to seeking irrelevant information beyond the discovery limitation articulated in Rule 26(b)(1), the Requests seek 13 documents that simply do not exist or do not exist within the parameters established in the Requests. See Request Nos. 2, 6, 10, 12, 13, 18, 19, 24, 25, 32, 34, 36 and 37.

Moreover, the Requests seek the production of information that is unduly burdensome and expensive to produce. See Request Nos. 2, 3, 4, 5, 6, 7, 10, 16, 19, 20, 21, 22 ,23, 24, 25 ,30, 33, 34, 35, 36, 40, 41 ,42, 46, 48, 49, 50, 54. Trans Union maintains credit files on over 200 million consumers whose information is updated monthly by 85,000 creditors. Culling through this amount of data to identify the information necessary to create the multiple "snapshots" of

information in a readable format for the up to ten year time periods Plaintiff is requesting would take countless man hours that are not necessary given the simplicity of Plaintiff's claims. Information that existed ten years prior to Plaintiff's Complaint has no bearing on the appearance of allegedly inaccurate information on Plaintiff's credit file on September 1, 2009. Therefore, the burden and expense of these requests upon Trans Union clearly outweigh any benefit to Plaintiff in pursuing his single claim against Trans Union.

Furthermore, the Requests are designed to place an undue burden upon Trans Union as many of the requests are unreasonably cumulative or duplicative. Two of Plaintiff's requests seek information regarding contracts and agreements between Trans Union and its independent contractors. See Request Nos. 11 and 17. A cursory review of the consumer relations documents that Trans Union voluntarily produced would reveal that Trans Union did not utilize any outside contractors when processing Plaintiff's disputes, negating the need for these requests in their entirety.

Request Nos. 4 and 5, which each contain 14 subparts, improperly seek virtually identical documents. Request No. 4 asks for any CDV's, ACDV's AUD's, responses, universal data forms, notes, computer data, work notes, screens, logs, E-Oscar documents, internal memoranda, correspondence or supporting documentation related the claims in Plaintiff's lawsuit. While Request No. 5 asks for "other documents" including, any CDV's, ACDV's AUD's, responses, universal data forms, notes, computer data, work notes, screens, logs, E-Oscar documents, internal memoranda, correspondence or supporting documentation regarding any disputed account information in Plaintiff's consumer report.

Additionally, the Requests seek information regarding prior civil and administrative claims that may have been made against Trans Union. See Request Nos. 40, 41, 42 and 45. These unreasonably cumulative and duplicative requests are irrelevant to Plaintiff's claims and Plaintiff can obtain this

information from some other source that is more convenient and less burdensome.

Trans Union respectfully requests that this Court issue a Protective Order pursuant to Fed. R. Civ. P. 26(c), relieving Trans Union from the burden of responding to the Requests by forbidding inquiry into matters beyond the scope of Rule 26(b)(1) and limiting the scope of discovery to Plaintiff's claims in this actions.

          Respectfully submitted,

*/s/Robert J. Schuckit*
**Robert J. Schuckit, Esq.  (07731)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  rschuckit@schuckitlaw.com**

*Counsel for Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 7th day of May, 2012.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Anthony S. Bonadies, Esq. <br> anthony@bonadieslaw.com | Ian Lyngklip, Esq. <br> ianlyngklip@att.net |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the 7th day of May, 2012, properly addressed as follows:

| None | |

/s/ Robert J. Schuckit
Robert J. Schuckit, Esq. (07731)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: (317) 363-2400
Fax: (317) 363-2257
E-Mail: rschuckit@schuckitlaw.com

*Counsel for Trans Union, LLC*